IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr133

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| CARLOS OMAR HERNANDEZ-GALVEZ ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the defendant's Motion to Dismiss Pursuant to the Speedy Trial Act (Doc. No. 15) and the government's response (Doc. No. 16).

I.   FACTUAL BACKGROUND

According to the affidavit filed with the complaint, the defendant was found in a van, along with approximately fifteen other suspected illegal aliens, by Gaston County Police officers on May 28, 2009. (Doc. No. 1: Affidavit at ¶ 4). An Immigration and Customs Enforcement (ICE) special agent was called to the scene. After being interviewed, the defendant was transported to the Charlotte ICE office for administrative processing. (Id.). The next day, a fingerprint comparison revealed that the defendant had previously been deported. (Id. ¶ 5). The defendant gave a sworn statement on the same day confirming his deportation. (Id. at ¶ 6). On June 9, 2009, the ICE agent reviewed the defendant's immigration file regarding his 2008 deportation. (Id. at ¶ 7). The affidavit does not specify when the agent learned about the defendant's 2007 conviction for an aggravated felony. (Id. at ¶ 8).

A federal arrest warrant was issued June 18, 2009, on the charge of illegal re-entry following deportation for an aggravated felony. (Doc. No. 1: Complaint at 1). The warrant was

executed on June 22, 2009, (Doc. No. 8: Executed Warrant), and the defendant made an initial appearance before a magistrate judge on the same day. During the hearing, the government moved for detention.[1] The magistrate judge offered the defendant a choice between a detention hearing the next day or the following Monday because the courts were going to be closed for the remainder of the week. Through counsel, the defendant agreed to have the hearing set on June 29, 2009. On that date, the defendant waived his right to preliminary and detention hearings. The indictment was filed on July 23, 2009. (Doc. No. 9).

II. DISCUSSION

The defendant asserts that he was arrested on May 28, 2009, the date of the Gaston County stop. (Doc. No. 15: Motion at ¶ 2). Because the indictment was not filed until July 23, the defendant claims that the government violated the thirty-day time period prescribed in § 3161(b). The defendant urges the Court to dismiss the indictment with prejudice because, among other reasons, the government took fifty-seven days to indict a case that "requires little presentation to a grand jury." (Id. at ¶ 4).

The government counters by arguing that, although the defendant went into administrative ICE custody on May 28, 2009, he was not arrested for purposes of § 3161(b) until he was served with the criminal complaint on June 22, 2009. (Doc. No. 16: Response at 1). The government concedes the defendant was not indicted within thirty days of June 22, but claims it was entitled to another thirty-day period because no grand jury was in session when the defendant was arrested. (Id. at 1-2). Thus, the indictment should not be dismissed because it was obtained "[d]uring the next available grand jury session." (Id. at 1).

---

[1] This hearing has not been transcribed, but the Court reviewed an audio recording of the proceedings.

2

The preliminary inquiry centers on the date of the defendant's arrest for purposes of the Speedy Trial Act. The Fourth Circuit has held that the thirty-day period begins with arrest for a federal criminal offense. United States v. Rodriguez-Amaya, 521 F.3d 437, 441 (4th Cir. 2008). The time period does not begin to run with administrative detention by immigration officials, unless the defendant shows that the "primary or exclusive purpose of the civil detention was to hold a defendant for future criminal proceedings." Id. at 442 (internal quotation marks, alterations, and citations omitted). The evidence before the Court is insufficient to resolve whether this case fits into the "ruse exception" recognized by the Fourth Circuit in Rodriguez-Amaya. Therefore, the Court will schedule an evidentiary hearing at which the defendant will bear the burden to prove any collusion by federal officials.

A secondary inquiry centers on whether a grand jury was in session following the defendant's arrest on the complaint. The government's claim that a grand jury was not in session during the thirty days following June 22, 2009, is contradicted by Court records showing the grand jury sat on July 21 and 22. Thus, even if the Court were to use June 22 as the arrest date for purposes of § 3161(b), it does not appear that the government would be entitled to an additional thirty-day period for filing the indictment. Even so, § 3162(a)(1) allows the initial thirty-day period to be extended for the reasons detailed in § 3161(h). The Fourth Circuit has found that delays for resolving detention motions and for proceedings such as initial appearances are automatically excluded from Speedy Trial Act calculations. United States v. Wright, 990 F.2d 147, 148-49 (4th Cir. 1993). Additionally, the time period begins to run the day after arrest. United States v. Leftenant, 341 F.3d 338, 344 (4th Cir. 2003). The parties should be prepared to argue at the hearing which days are properly included and excluded from the thirty-day period.

III. CONCLUSION

Upon consideration of the defendant's motion and the entire record in this case, the Court finds that an evidentiary hearing is necessary to resolve the issues presented.

**IT IS THEREFORE ORDERED** that this matter is set for a hearing on October 29, 2009, at 2 p.m.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: October 22, 2009

Robert J. Conrad, Jr.
Chief United States District Judge